IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CHEROX, INC.,**

    Plaintiff,

    v.

**TIP TOP CONSTRUCTION CORPORATION,**

    Defendant.

Civil No. 15-1148 (GAG)

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint under this court's diversity of citizenship jurisdiction, alleging defendant's breach of contract. Docket No. 1 ("Compl."). Defendant responded—without submitting to this court's jurisdiction—with a motion to dismiss for improper venue or, alternatively, for transfer of venue. Docket No. 11. Plaintiff opposed (Docket No. 19), and a reply and surreply followed. Docket Nos. 22, 25. This matter was referred to me for a report and recommendation.[1] Docket No. 12.

For the reasons that follow, defendant's motion to dismiss or to transfer in the alternative should be **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from the complaint.

Cherox, Inc. ("Cherox") is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business in Corozal, Puerto Rico. Compl. ¶ 3. Tip Top Construction Corporation ("Tip Top") is a corporation

---

[1] Although the motion is to be first considered as one of transfer to another district, the defendant raises dispositive issues, i.e. a motion to dismiss for improper venue. *See, e.g.*, *Capstone Int'l, Inc. v. Univentures, Inc.*, 3:10-CV-416 JD, 2011 WL 4529372 (N.D. Ind. Sept. 28, 2011); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b). Out of an abundance of caution, I submit these findings as a report and recommendation pursuant to Rule 72(b).

Cherox, Inc. v. Tip Top Constr. Corp., Civil No. 15-1148 (GAG)                                      2

organized and existing under the laws of the U.S. Virgin Islands ("USVI"), with its principal place of business in Christiansted, USVI.  *Id.* ¶¶ 4-5.

Tip Top entered into a written contract with the Virgin Islands Water and Power Authority ("WAPA") to develop a project called Anna's Retreat Phase I Water Distribution System ("Project") for the installation of approximately 25,000 feet of PVC pipe to provide potable water service and lay communications conduits in St. Thomas, USVI.  *Id.* ¶¶ 7-8, 12.  Tip Top would provide the personnel, workforce, labor, materials, tools, supervision, equipment, safety devices, and insurance necessary to enable the installation of the pipes, water mains, and customer connections, and would be paid $4 million.  *Id.* ¶¶ 13-14.

In turn, Tip Top subcontracted with Cherox.  *Id.* ¶ 17.  Cherox agreed to provide the heavy equipment, tools, administrative personnel and workforce, supervision, safety devices, and insurance, in exchange for $1.6 million.  *Id.* ¶¶ 17-18.  In Puerto Rico, Cherox hired the workers and obtained the equipment, and transported them to the USVI.  *Id.* ¶ 17.  In the USVI, Cherox would (1) cut through the pavement and remove the soil to build a trench, (2) send soil samples to Puerto Rico to test if the removed soil could be reused in the trench, (2) compact the trench's bed, (3) set a layer of sand to create a bedding, (4) install a communications conduit, (5) cover the installed pipe with the sand bedding, (6) compact the sand bedding, (7) back fill the trench with Crusher Run and compact the soil for paving, and (8) cover the trench with temporary pavement.  *Id*. ¶¶ 23, 25.  Tip Top agreed to provide backfilling materials, piping, fittings, asphalt pavement, communication wires, conduits, test water, and disinfection materials.  *Id.* ¶ 21.

Case 3:15-cv-01148-GAG-BJM   Document 28   Filed 12/09/15   Page 3 of 8

Cherox, Inc. v. Tip Top Constr. Corp., Civil No. 15-1148 (GAG) 3

The complaint alleges that Tip Top did not comply with the contract because it did not timely provide Cherox with temporary pavement to cover the trench while soil was being tested and pipes installed, and other materials, or that the materials provided did not comply with project specifications. As a result, Cherox had to incur in additional expenses to obtain materials in Puerto Rico that Tip Top should have provided and correct the work done in the unpaved trench due to rain damage and changes in the composition of the backfilling. *Id.* ¶¶ 24-41. Cherox claims to have notified Tip Top of these problems. *Id.* ¶¶ 29-30. Cherox claims to have completed the field work in the USVI, and to have performed other contractual duties in Puerto Rico. *Id.* ¶¶ 46, 48.

Cherox alleges that Tip Top paid a portion owed, but still owes Cherox $518.541.20. *Id.* ¶¶ 45, 49-55.

## DISCUSSION

Tip Top moves to dismiss under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1391 for "improper" venue. In the alternative, defendant asks for transfer to the USVI because Puerto Rico is the "wrong" venue under 28 U.S.C. § 1406(a).[2]

Under Section 1406(a) and Rule 12(b)(3), "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 577 (2013). This question is generally governed by 28 U.S.C. § 1391.[3] *Id.* "When venue is challenged, the court must determine whether the

---

[2] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *28 U.S.C. § 1406(a)*.

[3] Section 1391 governs the venue of all civil actions brought in U.S. district courts. *28 U.S.C. § 1391(a)*.

Case 3:15-cv-01148-GAG-BJM   Document 28   Filed 12/09/15   Page 4 of 8

Cherox, Inc. v. Tip Top Constr. Corp., Civil No. 15-1148 (GAG)                    4

case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id*. Therefore, the Supreme Court reasoned that if a case can be brought to a district court under § 1391, then that venue cannot be "wrong." *Id*. at 578.

I.  **Whether Venue is Proper in Puerto Rico**

The venue provision of 28 U.S.C. § 1391(b) allows civil actions to be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants reside in the same State;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Tip Top claims that, under the first subsection, venue lies in the USVI District Court because it is the only defendant in this case and it resides in Christiansted, USVI. Nonetheless, "venue may be proper in any number of districts." *Uffner v. La Reunion Française, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001). Under subsection (2), Puerto Rico may be a proper venue if a substantial part of the events giving rise to this claim occured here, and so we look at the entire sequence of events underlying the claim and not just to a single triggering event. *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009) (*quoting Uffner*, 224 F.3d at 42). Tip Top argues that, under this subsection, venue lies in the USVI and not Puerto Rico because "[m]ost, if not all, of the facts that gave rise to the present case occurred in the Project site, located in St. Thomas in the Virgin Islands." Docket No. 11, p. 6. On the other hand, Cherox claims that venue is

Cherox, Inc. v. Tip Top Constr. Corp., Civil No. 15-1148 (GAG)                                    5

proper in Puerto Rico because a substantial part of the work for which it was hired by Tip Top was done here. Docket No. 19, p. 11-12. Notably, this analysis does not require finding "the best venue, merely a proper venue." *Astro-Med, Inc.*, 591 F.3d at 12.

When a complaint arises from a contractual relationship, courts consider "a number of factors, including where the contract was negotiated or executed, where it was to be performed and where the alleged breach occurred." *Pesmel North America, LLC v. Caraustar Industries, Inc.*, 754 F. Supp. 2d 168, 175 (D. Mass. 2010) (*citing Largotta v. Banner Promotions, Inc.*, 356 F. Supp. 2d 388, 390 (S.D.N.Y. 2005)). The place where the alleged harm was felt is also relevant for purposes of proper venue consideration. *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009) (*citing Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992)).

Taking the facts from the complaint as true, it is fair to say that: (1) the contract between Cherox and Tip Top was negotiated from each principal place of business, (2) Cherox hired the manpower, administrative staff and supervisors, and obtained the heavy equipment and some materials in Puerto Rico, and transported them to the USVI, and (3) Cherox performed the physical work in the USVI trench and other work under the contract from its Puerto Rico office, including soil testing from samples obtained in the USVI trench. It appearing that Cherox performed its contractual duties both in the USVI and Puerto Rico, I find that the District of Puerto Rico is a proper venue under 28 U.S.C. § 1391(a)(2), and recommend that the motion to dismiss for improper venue be denied. Because venue is proper under § 1391(b)(2), I do not need to address plaintiff's alternative argument that it would also be proper under § 1391(b)(1).

Cherox, Inc. v. Tip Top Constr. Corp., Civil No. 15-1148 (GAG)                                                                 6

## II.     Whether Transfer to USVI is Warranted

Having found that Puerto Rico is a proper venue under § 1391(b)(2), a case may still be transferred, in the interest of justice, to any district or division in which it could have been brought.  *28 U.S.C. § 1406(a)*.  For that purpose, 28 U.S.C. § 1404(a) reads: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The court must evaluate both the convenience of the parties and witnesses and various public-interest considerations and weigh as a whole whether transfer would promote the interest of justice.  *Atl. Marine Constr. Co.*, 134 S. Ct. at 581.  The decision to transfer a case under § 1404 lies solely in the discretion of the Court.  *Pesmel North America, LLC*, 754 F. Supp. 2d at 176.

This case could have been brought to the USVI, as venue was also proper there under 28 U.S.C. § 1391(b)(1).  Thus, the inquiry now turns to whether the defendant has satisfactorily proven that its preferred venue is more convenient to all of the parties and witnesses involved so as to warrant transfer and thus overcoming "strong presumption in favor of the plaintiff's choice of forum."  *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000).  Defendant offers no argument in its motion in favor of transfer of this case to the USVI under §§ 1404(a) or 1406(a), except for those arguments in favor of dismissal for improper venue under § 1391.  Traditionally, three criteria considered by federal courts when evaluating transfer in the interest of justice are "trying related litigation together, having a judge who is familiar with the applicable law, and the efficient functioning of the courts."  *Mercado-Salinas v. Bart Enters. Int'l*, 669 F. Supp. 2d 176, 189 (D.P.R. 2009) (*citing Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293

Case 3:15-cv-01148-GAG-BJM   Document 28   Filed 12/09/15   Page 7 of 8

Cherox, Inc. v. Tip Top Constr. Corp., Civil No. 15-1148 (GAG)                                                        7

(7th Cir. 1989)). However, Tip Top elaborates no argument in favor of transfer under any of the three criteria, so they need not be addressed.

In addition, although it would be more convenient for Tip Top to litigate in the USVI, "transferring venue would merely shift the inconvencience to the plaintiff," given that its place of business is in Puerto Rico, and the issue in dispute with regards to the alleged contractual incompliance is monetary. *Pesmel North America, LLC.*, 754 F. Supp. 2d at 176. No on-site inspection of the work performed is required, the evidence in this case is likely testimonial and documentary,[4] defendant has not claimed inconvenience to any of its potential witnesses (which it has not announced for purposes of this motion), and defendant may easily travel to this district for further proceedings.

In sum, the presumption in favor of plaintiff's choice of forum stands, and I recommend that Tip Top's motion to transfer also be denied.

## CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss or to transfer in the alternative should be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun.*

---

[4] In today's world of "internet and electronic transmission of documents, [the] location of documents assumes even less significance." *GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*, No. Civ.A. 05-898(DRD), 2005 WL 1116318 at *8 (D.N.J. May 10, 2005).

Cherox, Inc. v. Tip Top Constr. Corp., Civil No. 15-1148 (GAG) 8

*Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 9th day of December, 2015.

*s/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge