IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CHEROX INC.,**

**Plaintiff,**

  v.

**TIP TOP CONSTRUCTION CORP.,**   CASE NO. 15-1148 (GAG)

**Defendant.**

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Cherox Inc., filed suit invoking the Court's diversity jurisdiction alleging breach of contract. (Docket No. 1.) Defendant Tip Top moved to dismiss under FED. R. CIV. P. 12(b)(3) requesting dismissal for improper venue as per 28 U.S.C. § 1391(b), or alternatively transfer of venue as per 28 U.S.C. § 1406(a).[1] (Docket No. 11.) Plaintiff Cherox opposed Tip Top's motion. (Docket No. 19.) Tip Top replied and Cherox surreplied. (Docket Nos. 22, 25.)

Magistrate Judge Bruce McGiverin issued an elaborately-reasoned Report and Recommendation ("R&R") finding the District of Puerto Rico is a proper venue under Section 1391(b)(2) and therefore, recommending Defendant's Motion to Dismiss be denied. (Docket No. 28 at 5.) Judge McGiverin further reasoned that, because he finds that venue is proper, he did not need to address Cherox's alternative argument that venue is also proper under section 1391(b)(1). Id.

---

[1] The undersigned immediately referred Defendant's motion to Magistrate Judge McGiverin, as per Rule 72 of the FED. R. CIV. P. 72, and instructing the Magistrate Judge to first consider the motion "as one for transfer to another district, which is a non-dispositve matter." (Docket No. 12.)

**Civil No. 15-1148 (GAG)**

In addition, the Magistrate Judge issues his recommendation addressing the argument regarding whether transfer of venue is warranted under section 1404(a).[2] Id. at 6. The Magistrate Judge analyzed the criteria considered by federal courts when evaluating transfers in the interest of justice, and found that none are met. Id. Judge McGiverin found that the presumption in favor of plaintiff's choice of forum stands. Id. at 7. Pursuant to Local Rule 72(a), Defendant Tip Top timely objected. (Docket No. 33.) Cherox responded to Tip Top's objections. (Docket No. 39.)

After careful review, the Court hereby **ADOPTS** Magistrate Judge McGiverin's R&R at Docket No. 28 and **DENIES** Tip Top's Motion to Dismiss at Docket No. 11.

**I.     Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). Parties may file objections to a Magistrate Judge's R&R. Rule 72(b) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b). Upon a party's objection, the Court shall make a *de novo* review. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

---

[2] Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404.

**Civil No. 15-1148 (GAG)**

## II.     Discussion

Section 1391(b) provides, in pertinent part, that proper venue lies in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

§ 1391(b)(1)-(2).

In its Motion to Dismiss, Tip Top mainly argues that under 1391(b)(2) venue in this case lies in the United States Virgin Islands, because the facts that give rise to the instant case took place in the project site that is located in the U.S.V.I. (Docket No. 11.)  Conversely, Cherox argues the District of Puerto Rico is proper venue because a substantial part of the project for which it was hired by Tip Top was done in Puerto Rico. (Docket No. 19.)

Notwithstanding the above, Tip Top's arguments took a turn after the Magistrate Judge issued its R&R on Defendant Tip Top's Motion to Dismiss. In its objections to the R&R, Tip Top raises a new alternative argument that is not included in its request for dismissal. Tip Top argues the R&R should not be adopted by the undersigned because it is erroneous as it "is predicated on an incorrect reading of Atlantic Marine Constr. Co. v. U.S. Dist. Of Texas, 134 S.Ct. 568, 581 (2013)." (Docket No. 33.)   Tip Top further argues that, contrary to Judge McGiverin's recommendation, transfer of venue is not discretionary in the case at bar because there is a valid enforceable forum selection clause, and under Atlantic Marine, said forum selection clause is binding and must be respected and implemented by the Court absent extraordinary circumstances that it contends are not present in this case. Id.  The undersigned finds the new arguments in Tip Top's objection brief insufficient at this stage of the litigation.

3

After careful consideration, the undersigned finds that the new arguments raised in Tip Top objection brief are too little and too late.

Pursuant to Rule 72(b) the undersigned shall conduct a de *novo* review of "any part of the magistrate judge's disposition that has been properly objected to." FED R. CIV P. 72(b). The Court, however, finds that Tip Top's objections are not proper as it is trying to raise new arguments that must have been raised earlier in the litigation. "The law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all her arguments then and there, and cannot later add new arguments at subsequent stages of the proceeding." Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 10-11 (1st Cir. 2000) (citing Maine Green Party v. Maine, Secretary of State, 173 F.3d 1, 4-5 (1st Cir. 1999) (refusing to review, as unpreserved, an argument not seasonably presented to the magistrate judge); see also Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

Because Tip Top failed to raise the forum selection clause with its motion for dismissal, the undersigned will not allow for it to introduce a new argument for dismissal as an objection to the magistrate judge's proposed findings and conclusions. This ruling does not preclude Tip Top from adequately raising the forum selection clause argument at a later stage and, thus, should not be considered determinative or conclusive as to the validity and enforceability of said forum-selection clause.

In sum, at this juncture, Tip Top is entitled to "*de novo* review by the district court of the recommendations to which it objected, whereas it is not entitled to a *de novo* review of an argument never raised." Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) (citing Mathews v. Weber, 423 U.S. 261 (1976)).

4

**Civil No. 15-1148 (GAG)**

Consequently, the Court disregards Tip Top's argument that transfer of venue is proper because of a valid and enforceable forum selection clause. Furthermore, because Tip Top does not raise any additional objections concerning Judge McGiverin's R&R, the Court need not go further.

### III.    Conclusion

After careful review, the Court hereby **ADOPTS** the R&R at Docket No. 28 in its entirety and **DENIES** Defendants' motion to dismiss at Docket No. 11.

**SO ORDERED.**

In San Juan, Puerto Rico this 28th day of March, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge